IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| KEVIN M. KEAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1588-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| PORTLAND VETERANS MEDICAL CENTER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

KING, Judge:

Plaintiff Kevin M. Keay filed suit against Portland Veterans Medical Center alleging in one paragraph that it "fraudulently and intently [sic] covered up my medical problems from exposure to toxic chemicals while on active duty in the USAF" and "gave me HIV in a mix to my right leg in a CATSCAN . . . to KILL ME off earlier and prevent me from collecting any compensation." Plaintiff attached to this one paragraph Complaint, 59 pages consisting largely

of medical records. Along with his Complaint, plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavits (#1), a "Motion for Expedience in Case" (#3), and a "Motion for Funds of one Year be paid To me at 100%" (#4).

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss a complaint "[f]or failure of the plaintiff to prosecute or to comply with these rules . . . ." See also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court").

Plaintiff here fails to comply with Federal Rule of Civil Procedure 8(a). That rule requires a complaint to contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitle to relief, and
>
> (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). Additionally, Rule 8(e)(1) requires "[e]ach averment of a pleading shall be simple, concise, and direct."

Plaintiff does not identify how this Court has jurisdiction over his claim, does not set forth the facts that provide notice of the events or conditions on which plaintiff bases his claim, and does not indicate what remedy he seeks. Plaintiff's Complaint does not comply with the requirements of Rule 8.

Accordingly, the Court dismisses plaintiff's Complaint.[1] The Court, however, grants Plaintiff leave to amend his Complaint consistent with this Opinion and Order no later than November 19, 2007. If plaintiff chooses to file an amended complaint, plaintiff must comply with the requirements of Rule 8 or the Court shall dismiss that complaint. If plaintiff does not file an amended complaint by November 19, 2007, the Court will dismiss this matter with prejudice. The Court also dismisses the two pending motions (#3,4), but will wait to rule on the application (#1) until November 19, 2007.

IT IS SO ORDERED.

Dated this       2nd         day of November, 2007.

　　　　　　　　　　　　　　　　　　　   /s/ Garr M. King
　　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] The Court notes that if plaintiff is challenging a denial of service-connected disability benefits, this Court does not have jurisdiction. Plaintiff must first appeal the decision to the Board of Veterans' Affairs. 38 U.S.C. § 7104. The United States Court of Appeals for Veterans' Claims has exclusive jurisdiction over review of decisions issued by the Board of Veterans' Affairs. 38 U.S.C. § 7252(a). Decisions by the United States Court of Appeals for Veterans Claims are subject to review by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.